***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. On April 17, 2000 plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer.
2. On April 17, 2000 the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On April 17, 2000, an employment relationship existed between plaintiff-employee and defendant-employer.
4. Plaintiff's average weekly wage on April 17, 2000 was $1,138.55, yielding a compensation rate of $588.00.
5. Plaintiff is no longer employed by defendant-employer.
6. The following exhibits were stipulated to by the parties and entered into evidence:
1. Pre-Trial Agreement
2. Medical records of plaintiff
3. Industrial Commission forms
7. The issue before the Commission is whether plaintiff is entitled to additional total disability benefits on and subsequent to April 7, 2001; whether plaintiff is entitled to other benefits as the result of his admittedly compensable injury by accident of April 17, 2000 and; what physician is plaintiff's authorized treating physician, and to what treatment is plaintiff entitled.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was thirty (30) years of age, with his date of birth being March 26, 1971. Plaintiff worked for defendant-employer as supervisor for the installation and upgrade of cable services at multiple dwelling units. Plaintiff's job title was referred to as a MDU Supervisor. Plaintiff's work in that capacity required him to lift up to one hundred and fifty (150) pounds occasionally, with his normal lifting ranging from ten to fifty (10-50) pounds.
2. On April 17, 2000, while working for defendant-employer in Baltimore, Maryland, plaintiff was pulling a piece of equipment that was stuck when he slipped and fell on his buttocks. As a result of this incident, plaintiff sustained an injury to his back. Defendants admitted the compensability of this incident.
3. On the day following the incident in question, plaintiff was experiencing extreme pain in his back, was having difficulty bending, and performing the digging associated with his job. Plaintiff then began a course of conservative treatment, including chiropractic care, which provided only temporary relief from his symptoms.
4. Eventually, due to the fact that he was not obtaining relief through conservative treatment, plaintiff was referred to Dr. Mark Yates, an orthopedic surgeon. Following examinations and a review of plaintiff's history, Dr. Yates performed a microdiscectomy surgical procedure on February 26, 2001. Immediately following this procedure, plaintiff experienced significant relief from his symptoms. However, plaintiff's back symptoms returned after a period of approximately one month, and his pain gradually grew worse.
5. Despite the return of plaintiff's back pain and symptoms, on April 3, 2001, Dr. Yates was of the opinion that plaintiff had reached maximum medical improvement, and assigned him a five percent (5%) permanent partial disability rating to his back. Additionally, Dr. Yates released plaintiff to return to his regular activities with a fifty (50) pound lifting restriction, and recommended that he obtain work which would permit him to alternate between sitting and standing. During his final examination of plaintiff on April 17, 2001, the restrictions and rating were not changed. At the Deputy Commissioner hearing, plaintiff testified that at this point of his treatment, he had lost faith in Dr. Yates due to the manner in which Dr. Yates was addressing his pain and symptoms.
6. On April 20, 2001, due to a severe worsening of pain in his back and legs, plaintiff was examined by Dr. John W. Krege, a partner of Dr. Yates. An MRI was ordered, which revealed a large herniated disc at the L5-S1 level. During his deposition, Dr. Yates testified that recurrent disc problems are not uncommon after microdiscectomy procedures, and that he recommended another microdiscectomy for plaintiff's new disc herniation.
7. Plaintiff then sought a second opinion regarding a second surgery from Dr. Mark Roy, a neurosurgeon. Following his examination of plaintiff, Dr. Roy recommended a disc fusion surgery. By Order of Executive Secretary Tracey H. Weaver, filed June 22, 2001, the Commission approved plaintiff's request to have Dr. Roy designated as his primary treating physician. That Order was then appealed by defendants.
8. On July 9, 2001, plaintiff was climbing the stairs at his home when his leg gave way, causing him to fall in a crouched position. During this incident, plaintiff felt a pop in his right knee, and he began experiencing constant right knee pain.
9. Upon referral from Dr. Roy, plaintiff was examined for his right knee injury by Dr. Peter Whitfield, who diagnosed plaintiff as having a torn medial meniscus in his right knee. For this injury, Dr. Whitfield recommended surgery, which was performed on September 11, 2001, following another incident when plaintiff's knee locked in a bent position as a result of the tear. Due to his knee problems, plaintiff did not undergo his back surgery until January 15, 2002.
10. The credible medical evidence of record, including the testimony and opinions of Dr. Roy and Dr. Whitfield, supports a finding that plaintiff's right knee injury on July 9, 2001 was caused by weakness related to his admittedly compensable back injury of April 11, 2000.
11. Plaintiff has not reached maximum medical improvement regarding his right knee injury and surgery.
12. Dr. Yates' opinion that plaintiff reached maximum medical improvement regarding his back in April 2001 is given little weight due to the overwhelming evidence of recurrent problems that eventually required an additional surgical procedure. Accordingly, no weight is given to the permanent partial disability rating assigned by Dr. Yates.
13. The medical treatment provided by Dr. Roy, Dr. Whitfield, and the other medical providers was necessary to effectuate a cure of plaintiff's condition and provide relief from his symptoms.
14. Based upon the totality of the medical and lay evidence, plaintiff's request to change treating physicians from Dr. Yates to Dr. Roy is reasonable and approved.
15. On April 17, 2000, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. As a direct and natural result of, and causally related to his April 17, 2000 injury by accident, plaintiff sustained an injury to his right knee on July 9, 2001 that required surgery.
16. Plaintiff was paid ongoing totally disability benefits through April 6, 2001. Plaintiff has not received any benefits since that date. As the result of his July 17, 2000 injury by accident, related knee injury and surgeries, plaintiff has been unable to earn wages in his former position with defendant-employer or in any other position for the period of April 7, 2001 through the present and continuing.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On April 17, 2000, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6). As a direct and natural result of, and causally related to his April 17, 2000 injury by accident, plaintiff sustained an injury to his right knee on July 9, 2001 that required surgery. Id.
2. As the result of his July 17, 2000 injury by accident, related knee injury and surgeries, plaintiff is entitled to have defendants pay ongoing total disability compensation at the rate of $588.00 per week for the period from April 7, 2001 through the present and continuing until such time as plaintiff returns to work, or until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. As the result of his July 17, 2000 injury by accident, related knee injury and surgeries, plaintiff is entitled to have defendants pay for all related medical expenses incurred, or to be incurred, and Dr. Mark W. Roy is hereby designated as plaintiff's primary treating physician. N.C. Gen. Stat. § 97-25, -25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff ongoing total disability compensation at the rate of $588.00 per week for the period of April 7, 2001 through the present and continuing until such time as plaintiff returns to work, or until further order of the Commission. From the amounts having accrued, this compensation shall be paid to plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. Defendants shall pay for all related medical expenses incurred or to be incurred as the result of plaintiff's April 17, 2000 injury by accident, related knee injury and surgeries.
3. Dr. Mark W. Roy is hereby designated as plaintiff's primary treating physician.
4. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded herein is approved for counsel for plaintiff. From the compensation having accrued, this fee shall be deducted from the amounts due plaintiff and paid directly to counsel for plaintiff, with counsel for plaintiff receiving every fourth check thereafter.
5. Defendants shall pay the costs.
This the 13 day of November 2002.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER LKM/kjd